**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180234-U

Order filed November 9, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0234 Circuit No. 15-CF-213 |
| SALVADOR A. CORONADO, | ) ) ) | Honorable Cynthia M. Raccuglia, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE WRIGHT delivered the judgment of the court.
Justices O'Brien and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   Any deficiency in the circuit court's preliminary *Krankel* inquiry into defendant's *pro se* allegations of ineffective assistance of counsel during sentencing was harmless.

¶ 2    Defendant, Salvador A. Coronado, appeals the denial of his *pro se* motion to reduce sentence. He contends that the La Salle County circuit court failed to conduct a preliminary inquiry into his allegations of ineffective assistance of plea counsel at sentencing pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984). We affirm.

¶ 3                                          I. BACKGROUND

¶ 4          Defendant pled guilty to the offenses of failure to register as a sex offender (730 ILCS 150/3 (West 2014)) and aggravated battery of a peace officer (720 ILCS 5/12-3.05(d)(4) (West 2014)). The State agreed to cap its sentencing request at three and five years' imprisonment, respectively. The court sentenced defendant to consecutive terms of two years' imprisonment for failure to register as a sex offender and four and a half years' imprisonment for aggravated battery of a peace officer.

¶ 5          Defendant filed a *pro se* motion to reduce his sentence arguing that his plea counsel provided ineffective assistance during sentencing. In addition, defense counsel told the court that defendant wished to prepare and pursue a motion to vacate his guilty plea possibly based on defense counsel's substandard legal representation. At that time, the court advised defendant he would need new counsel and immediately appointed new counsel for defendant before continuing the proceedings to another date. Thereafter, newly appointed counsel submitted a formal motion to reconsider sentence and scheduled the matter for hearing. At the next hearing, newly appointed counsel advised the court that counsel reviewed the pending motions with defendant and "explained to him that there was a cap in this matter. He still wishes to proceed with this in the motion to reconsider, and I can just briefly just begin when you are ready."

¶ 6          The court then told defendant he needed "to do a motion to vacate your guilty plea. You don't have the right to do a motion to reconsider." New counsel responded that he had "explained that to [defendant]." Subsequently, new counsel filed a motion to vacate defendant's guilty plea based on the ineffective assistance of plea counsel. Following a hearing, the court denied the motion to vacate, and defendant now appeals.

## II. ANALYSIS

Defendant argues that the circuit court should have conducted a preliminary *Krankel* inquiry into his claims of ineffective assistance of plea counsel at sentencing. Since the court failed to do so, defendant requests this court to vacate the order denying defendant's motion to reduce sentence and remand the matter with directions to conduct the preliminary *Krankel* inquiry the court failed to perform before appointing new counsel.

We review *de novo* whether the circuit court properly conducted a preliminary *Krankel* inquiry. *People v. Jolly*, 2014 IL 117142, ¶ 28. A preliminary *Krankel* inquiry is conducted in order to determine whether to appoint counsel to pursue defendant's claims of ineffective assistance of counsel. *People v. Nitz*, 143 Ill. 2d 82, 134-35 (1991).

In the instant matter, the court summarily appointed new counsel to represent defendant without conducting a preliminary *Krankel* inquiry. Since defendant received the benefit that could have resulted from a preliminary *Krankel* inquiry by having new counsel appointed, we conclude that any deficiency in the court's inquiry was harmless beyond a reasonable doubt. See *id.* at 135. The fact that new counsel effectively conceded he could not challenge the sentence and ultimately did not pursue the ineffective assistance claims regarding sentencing does not change that conclusion, especially considering defendant fails to challenge that approach by new counsel on appeal.

## III. CONCLUSION

The judgment of the circuit court of La Salle County is affirmed.

Affirmed.